### No. 11,675.

HUGH MONROE ET ALS. VS. LIEBMAN, ADMINISTRATOR, ET ALS.

Section 2504, R. S., requires notaries to file their bonds with the Auditor of Public Accounts; but said section does not provide for the vacancy of the office on the failure to file the bond with the Auditor.

The failure to record the bond in the Auditor's office may be a just cause for the suspension of the notary under Sec. 2505, R. S.

Notaries continue to act so long as they renew their bonds every five years, unless suspended by the Supreme Court.  R. S. 2506.

THE NOTARY'S DECLARATION IN THE BODY OF THE WILL.—" The above and foregoing was written by me, said notary, as dictated by the testator, the said Donald Monroe, in the presence and hearing of the said George W. Kendall, F. Dodd and E. Martin, and then read by me, said notary, to the testator in the presence and hearing of said witnesses, all at one and the same time without interruption and without turning aside to other acts," is a compliance with Art. 1578, Civil Code, as it expressly mentions all the essentials to the validity of the will required by said article.

APPEAL from the First Judicial District Court, Parish of Caddo. Taylor, J.

*Land & Land* for Plaintiffs and Appellants.

*Wise & Herndon* for Defendants and Appellees.

The opinion of the court was delivered by

McENERY, J.   This is a suit brought by the collateral heirs of D. Monroe, deceased, against the administrator and heirs of his uni-

versal legatee, to annul and set aside his last will and testament in nuncupative form by public act, on the following grounds:

1. Because John N. Hicks was not, at the date of the execution of said act, a notary public, and had no capacity to perform the functions of such officer.

2. Because no express mention is made in said act that said pretended testament was received by the notary in the presence of three witnesses residing in the place where the will was executed, and was dictated by the testator to the notary in the presence of said three witnesses, and was by the notary written as it was dictated in the presence of three witnesses, as required by law.

Defendants answer by general denial, and aver that the will attacked is good and valid in law.

The judgment of the lower court was in favor of defendants, maintaining the validity of the will, from which plaintiffs appeal.

The copy of the will attacked is as follows:

THE STATE OF LOUISIANA, }
    Parish of Caddo.        }

Be it known, that this day before me, John N. Hicks, a notary public, in and for the said State and parish, duly commissioned and sworn, came Donald Monroe, a resident of said State and parish, who, in the presence of George W. Kendall, H. F. Doll and E. Martin, competent witnesses, residents of said State and parish, declared that the following is his last will and testament, to-wit:

1. I desire that all my just debts shall be paid as soon after my death as possible.

2. I will and bequeath unto my dearly beloved wife, Emily (born Padgett), all of the property of every description whatsoever, including real estate, personal property, money, accounts, rights and credits, of which I may die possessed.

Lastly. I appoint my said wife executrix of this my last will and testament.

The above and foregoing was written by me, said notary, as dictated by the testator, the said Donald Monroe, in the presence and hearing of the said George W. Kendall, H. F. Doll and E. Martin, and then read by me, said notary, to the testator, in the presence and hearing of the said witnesses, all at one and the same time, and without interruption and without turning aside to other acts.

In witness whereof the testator signs his name in presence of me, said notary, and in the presence of said witnesses, and the said witnesses at the same time sign their names in presence of me, said notary, and in the presence of the testator, and of each other, on this the twenty-sixth (26th) day of March, A. D. eighteen hundred and eighty-nine (1889).

(Signatures.)

The notary who received the will was first commissioned by the Governor in 1873, under which appointment he acted officially until reappointed in 1878, when he was again appointed and qualified, and acted. In 1880 he was again commissioned by the Governor and qualified.

Section 2505, Revised Statutes, requires all notaries to renew their bonds, every five years, and Sec. 2504 directs that said bonds shall be filed with the Auditor of Public Accounts. The notary renewed his bonds, but failed to record the same with the Auditor.

Section 2505 does not say that the failure to file the bond shall *ipso facto* vacate the office. The failure to file the bond with the Auditor may be a just cause for the suspension of the notary by this court, as provided for in said Sec. 2505.

Notaries public continue in the discharge of their duties so long as they renew their bonds, unless suspended by this court for just cause. Revised Statutes, 2506.

The notary who received the will not only had a lawful right to the office by appointment, but he was in possession of the same and qualified to act. He was a *de jure* and *de facto* officer, and it will not be necessary to review the discussion in the briefs relative to the validity of the acts of a notary who is in possession of his office but not qualified to act.

All the essential facts, of which express mention must be made under Art. 1578 of the Civil Code, are shown in the body of the will.

The will recites: "The above and foregoing was written by me said notary, as dictated by the testator, the said Donald Monroe, in the presence and hearing of the said George W. Kendall, H. F. Doll and E. Martin, and then read by me, said notary, to the testator in the presence and hearing of said witnesses, and at one and the same time, and without interruption and without turning aside to other acts."

The above declaration of the notary is clear that the testator dic-

tated the will; that the notary wrote it as dictated, and the dictation and writing were both in presence of the testator and the witnesses, and that the will was read by the notary to the testator in the presence of the witnesses.

We do not think that there is that doubtful meaning in the language as suggested by plaintiff's counsel, that from the declaration of the notary it is doubtful whether the will was dictated or written in the presence of the witnesses, and that it may have been dictated out of their presence and afterward written in their presence, or its dictation only may have been in their presence. Nor do we think that it was essential that the notary, should declare. that the will was "dictated to me, said notary, and written as dictated," etc. The notary's declaration shows that the will was dictated to him. No other inference can be drawn from the language employed by the testator.

The will meets all the requirements of the Code.

Judgment affirmed.

Rehearing refused.